```
ERIC GRANT
United States Attorney
CAILY NELSON
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JESUS LOUIS VASQUEZ, <br><br> Defendant. | CASE NO. 2:23-CR-00095-JAM <br><br> **STIPULATION AND ORDER TO EXCLUDE TIME BETWEEN AUGUST 26, 2025, AND OCTOBER 07, 2025** <br><br> DATE: October 7, 2025 <br> TIME: 9:00 a.m. a.m. <br> COURT: Hon. John A. Mendez |

**STIPULATION**

1.  By pervious order, this matter was set for October 7, 2025, for further status conference and possible change of plea hearing.

2.  On August 24, 2025, Counsel for the defendant notified this Court and the government that he was ill and requested a continuance due to his illness, which preventing his appearance in court. On August 25, 2025, this Court ordered a continuance due to defense counsel's illness to September 9, 2025, at 9:00 a.m.

3.  On September 8, 2025, Counsel for the defendant notified this Court and the government that he was ill and requested a continuance due to his illness, which prevented his appearance in court. On September 9, 2025, this Court ordered a continuance to October 7, 2025.

4.  By this stipulation, the defendant, through counsel, move to exclude time between August 26, 202, and October 7, 2025, under Local Code T4.

5.  The parties agree and stipulate, and request that the Court find the following:

    a)  Counsel for the defendant was ill, and as a result, was unable to appear in court for further status conferences on August 26, 2025, and September 9, 2025.

    b)  Counsel for the defendant believes that failure to grant the above-requested continuance would deny the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would unreasonably deny the defendant the continuity of counsel.

    c)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    d)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 26, 2025, to October 7, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated: September 8, 2025                    ERIC GRANT
                                            United States Attorney

                                            /s/ CAILY NELSON
                                            CAILY NELSON
                                            Assistant United States Attorney

STIPULATION REGARDING EXCLUDABLE TIME                2
PERIODS UNDER SPEEDY TRIAL ACT

Dated: September 8, 2025                /s/ MARK REICHEL
                                        MARK REICHEL
                                        Counsel for Defendant
                                        JESUS VASQUEZ

# ORDER

IT IS SO ORDERED.

September 12, 2025          _____
                            JOHN A. MENDEZ,
                            SENIOR UNITED STATES DISTRICT JUDGE